United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STT WEBOS, INC,<br>Plaintiff,<br>v.<br>BYTEDANCE LTD, et al.,<br>Defendants. | Case No. 26-cv-01456-BLF<br>**ORDER DENYING MOTION TO SEAL**<br>[Re: ECF No. 133] |

Before the Court is ByteDance's motion to seal its opposition to WebOS's motion for leave to file a second amended complaint and related documents. *See* ECF No. 133. The motion was mooted when the parties agreed at the initial case management conference that WebOS may file a second amended complaint. *See* ECF No. 138, 139.

Motions that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Else the party seeking sealing need only show "good cause." *Id.* at 1097. Motions for leave to amend (and corresponding exhibits) are more than tangentially related to the case "because the outcome of the motion may change the foundations of the lawsuit." *Jones v. PGA Tour, Inc.*, 2023 WL 5520771, at *5 (N.D. Cal. Aug. 24, 2023) (applying "compelling reasons" standard to sealing a "motion for leave to amend a counterclaim"); *accord Software Rts. Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (applying "good cause standard" to sealing "documents related to . . . motion for leave to amend claim election and infringement contentions"). So the compelling reasons standard governs. *See Jones*, 2023 WL 5520771, at *5. Under this standard, the movant bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the

public policies favoring disclosure. *Chrysler*, 809 F.3d at 1099.

ByteDance moves to seal (1) portions of its opposition, ECF No. 132-3; (2) Exhibit 15, an NDA between WebOS and a ByteDance affiliate, in its entirety (ECF No. 132-1 at 4–9); (3) Exhibit 16, email communications regarding patent negotiations, in its entirety (ECF No. 132-1 at 10–11); and (4) portions of Exhibit 17, an email chain between counsel for the parties (ECF No. 132-1 at 12–14). *See* Mot. at 1–2. ByteDance argues that (1) disclosure would create a "substantial risk of competitive harm by revealing confidential strategies in [ByteDance's] negotiation practices"; (2) expose personal information of ByteDance's employees; and (3) the parties agreed that the agreement and related correspondence would remain confidential and "would not be used as part of this litigation." Mot. at 2–3.

WebOS objects to the motion to seal. *See* ECF No. 133 ("Opp."). The opposition was untimely. Motions to seal are administrative motions for relief. *See* Civ. L.R. 7-11 ("[Administrative] motions would include . . . motions to file documents under seal . . . ."). "Any opposition to" a motion to seal "must be filed no later than 4 days after the motion has been filed." Civ. L.R. 7-11(b). The motion to seal was filed on Monday, June 8, 2026, such that any opposition was due on Friday, June 12, 2026. *See* Mot. at 4. The opposition was filed on June 14, 2026. *See* Opp. at 4. The Court exercises its discretion to consider WebOS's arguments despite this untimeliness, but WebOS is directed to review and comply with the local rules for future filings.

WebOS argues (1) the motion to seal sets forth generalized (and thus insufficient) assertions of competitive harm; (2) ByteDance "placed the NDA" and related correspondence "at issue by relying upon them in their opposition brief"; and (3) "the proposed sealing is not narrowly tailored" because some of the documents ByteDance seek to seal in whole contain non-confidential material. Opp. at 1–4.

The Court addresses each of ByteDance's requests in turn, starting with Exhibit 15 (the NDA) because the other sealing requests all relate to the NDA.

***First***, the Court DENIES the request to seal Exhibit 15, the NDA. ByteDance contends that the NDA contains "private, commercially sensitive information" that "would affect Byte[D]ance's future negotiations." ECF No. 132-1. The Court has reviewed the NDA and is not convinced.

United States District Court
Northern District of California

Exhibit 15 is a cookie-cutter agreement with cookie-cutter provisions. It strains credulity to suggest that public disclosure of the NDA would adversely affect ByteDance's future negotiation prospects. *See SMS Audio, LLC v. Belson*, 2016 WL 8815080, at *2 (S.D. Fla. Aug. 26, 2016) (finding no good cause to seal non-disclosure agreements between parties). ByteDance's bid to seal the ***entirety*** of the NDA also falls short of its obligation to narrowly tailor its sealing requests. *See Intel Corp. v. Tela Innovations, Inc.*, 2018 WL 4501146, at *4 (N.D. Cal. Sept. 18, 2018) ("Instead of seeking to seal the entire NDA, the parties must designate specific portions that contain truly confidential and sensitive information.").

***Second***, the Court DENIES the request to seal excerpts of the opposition to the motion for leave to amend. The portions ByteDance seek to seal all relate to the NDA, and the Court has already determined that ByteDance has not shown good cause—much less compelling reasons—to shield the NDA from public disclosure.

***Third***, the Court DENIES the request to seal Exhibit 16. The exhibit is an email from WebOS to ByteDance. ByteDance argues that the exhibit contains its employees "contact information" and thus that disclosing the email would "expos[e]" employees to "unsolicited communications and transactions that would affect their working efficiency." ECF No. 132-1 ¶ 6. The Court is not convinced. The only "contact information" in the exhibit is the corporate email addresses of two ByteDance employees. That hardly gives rise to privacy interest sufficient to defeat the strong presumption of public access. And to the extent ByteDance argues that the exhibit contains substantive confidential information beyond its two employees' email addresses, the Court disagrees. Not only is the email from WebOS to ByteDance, the boilerplate confidentiality provision in the email refers to ***WebOS's*** confidential information, not ByteDance's.

***Fourth***, the Court DENIES the request to seal excerpts of Exhibit 17. Exhibit 17 is an email chain between counsel for the parties. The portions that ByteDance seek to seal relate to the NDA. For the same reasons the Court denies the request to seal the NDA, the Court finds that there is no good cause, much less any compelling reason, to seal portions of Exhibit 17.

Accordingly, the Court ORDERS as follows:

(1) The motion to seal is DENIED. ByteDance SHALL refile its opposition to the motion

for leave to amend and supporting exhibits without the proposed redactions by November 19, 2026.

(2) This order terminates ECF Nos. 132 and 133.

**IT IS SO ORDERED.**

Dated: November 5, 2026

BETH LABSON FREEMAN
United States District Judge